UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIXIONG QIU,<br><br>                    Plaintiff,<br><br>-against-<br><br>LOCAL 74 UNITED SERVICE WORKERS UNION, et al.,<br><br>                    Defendants. | 25-CV-4593 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. Plaintiff asserts claims arising from his allegedly wrongful termination on January 23, 2024, from his position working at JFK Airport in Jamaica, Queens County, New York. Plaintiff sues Defendants Local 74 United Service Workers Union, and the National Labor Relations Board, Region 29, identified as located in Long Island City, Queens County, and Brooklyn, Kings County, respectively. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he worked at JFK Airport in Queens County, New York, and he sues Defendants located in Queens County, and Kings County. Kings and Queens Counties are within the Eastern District of New York. 28 U.S.C. § 112(c). It is unclear if venue is proper in this district under Section 1391(b)(1), based on the residence of defendants, because there are no facts in the complaint about whether Defendants are subject to personal jurisdiction in this district.

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred, because Plaintiff alleges that he worked in Queens County. Because the events giving rise to Plaintiff's claims occurred at in Queens County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co.*

*v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

      Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, and it is reasonable to expect that relevant documents and witnesses also would be in that district. Defendants are both located in that district. The Eastern District of New York thus appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

      The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

      A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 4, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge